IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **SHONTA BLOCK** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | Civil Action No. _____ |
| | § | |
| **BAPTIST HOSPITALS OF SOUTHEAST TEXAS** | § | |
| | § | |
| | § | **JURY TRIAL DEMAND** |
| | § | |
| **Defendant,** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

### I. Parties

1. Plaintiff, Shonta Block, is an individual and a citizen of the State of Texas.

2. Defendant, Baptist Hospitals of Southeast Texas  Defendant has it's principle place of business in the State of Texas.  Defendant may be served by process by servings it's Register Agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620 Austin, TX 78701-3218.

### II. Jurisdiction

3. The court has jurisdiction over the lawsuit under the federal question jurisdiction 28 U.S.C. § 1331 because some of the civil actions alleged arise under federal laws prohibiting employment discrimination based on sex pursuant to 42 U.S. C. § 2000e.

### III. Venue

4. Venue is proper in this district under 42 U.S.C. § 2000(e)-5(f)(3) because the alleged unlawful employment practice was committed in this district.  The Plaintiff worked for the Defendant at its

location in Beaumont, TX, which is within this district. The unlawful employment practice occurred at that location.

### IV.   Exhaustion of Administrative Remedies

5.   Plaintiff timely filled a charge of discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue and charge of discrimination is attached as Exhibit A.

### V.   Facts

6.   Plaintiff is a female employee protected under Title VII, 42 U.S. C. § 2000e(f) and Texas Labor Code §21.001 *et seq*.

7.   Defendant is an employer within the meaning of Title VII, 42 U.S. C. § 2000e(b) and Texas Labor Code §21.141.

8.   In April 2022, plaintiff was hired as a painter with Baptist Beaumont Hospital. She was the only female painter (possibly the only female in all of maintenance at Babtist Hospital). The lead painter began harassing her early on. He refused to sign paperwork for her to take a day off. Additionally, he would not help her with required computer testing, despite helping other male coworkers with the same required testing.

9.   At a sit-down meeting with all of the painters, the boss over maintenance told the lead painter to stop harassing the Plaintiff. It got better for a few days, and then the harassment continued. The lead painter heard another painter call her a "fucking bitch," and then denied it was said when it was reported to HR. On other occasions he let other painters cuss at her and threaten her.

10.   On December 19, 2022, Mr. Mike Filer comes up behind plaintiff and put his hands under her arms and touched her breast. Plaintiff reported the incident to the Human Resources department, and the department did not do anything about it. After reporting this incident, the entire painting

maintenance except for Randy Smith ostracized during breaks and lunch. Additionally, the locks were changed on all of the painting equipment. New keys were given to all the painters except the Plaintiff, effectively constructively terminating her, as she was unable to do her job. The intimidating and hostile and offensive working environment continued under plaintiff resigned from Baptist Hospital in January of 2023, the same day the locks were changed.

## VI.  Damages

11. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered damages and losses entitling Plaintiff to the following remedies:

   a. Back pay, including the amount of wages and employment benefits Plaintiff would have earned if she had not been subjected to Defendant employer's unlawful conduct less any wages, unemployment compensation benefits, or worker's compensation benefits Plaintiff received in the interim. ("Employment benefits" include sick leave pay, vacation pay, profit sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary losses incurred as a result of loss of health, life, dental, or similar insurance coverage.);

   b. Reinstatement; and

   c. Front pay, if reinstatement is inappropriate.

12. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

   a. Discharge from employment with Defendant;

   b. Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life; and

   c. Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

## VII. Attorney Fees

13. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S. C. § 1205 and/or 42 U.S. C. § 2000e-5(k).

## VIII. Additional Damages

14. In addition to the previously alleged damages (which Plaintiff alternatively seeks under this cause of action) Plaintiff seeks exemplary damages for Defendant's malicious actions, clearly arising from ill will, spite, evil motive and with the purpose to injure Plaintiff.

## IX. Jury Demand

15. Plaintiff requests a trial by jury.

## X. Prayer

16. For these reasons, Plaintiff asks for judgment against Defendant for the following:

   a. Reinstatement to Plaintiff's prior job and position;

   b. Back pay and front pay, including all employment benefits;

   c. Compensatory damages in the past, including emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

   d. Compensatory damages in the future, including economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

   e. Exemplary damages;

   f. Reasonable Expert Fees;

   g. Attorney fees and courts costs; and

   h. All other relief the Court deems appropriate, at law and equity.

Respectfully submitted,

**BRENT COON & ASSOCIATES**

By:/*s/ Eric Newell*
ERIC W. NEWELL
Texas State Bar No. 24046521
Email: Eric_Newell@bcoonlaw.com
215 Orleans
Beaumont, Texas 77701
Tel. (409)835-2666
Fax (409)835-1912
ATTORNEY FOR THE PLAINTIFF